UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Criminal Action No. 5:07-139-JMH |
| | ) |
| v. | ) |
| | ) |
| JOHNIE JAY ALFORD, | ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| Defendant | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on Defendant Johnie Jay Alford's Motion to Suppress [Record No. 56]. The United States of America has responded [Record No. 64], objecting to Defendant Alford's motion. The time for Defendant Alford to reply has expired, and this motion is ripe for consideration.

The Court has reviewed the briefs and finds that it is sufficiently advised thereby. Oral argument is not necessary, and, for the reasons set forth below, Defendant Alford's Motion to Suppress shall be denied.

**I.   Background**

On June 20, 2007, Officer Matt Sharp, attested as follows on an Affidavit in Support of and Petition of Search Warrant for the premises located at 873 Lauderdale Drive in Lexington Kentucky and the person of Johnie Jay Alford, as well as that of Amira Young:

> On [April 30, 2007,] at approximately 1200 pm, affiant received information from/observed:
>
> a cooperating individual (to be named at a later time for reasons of personal safety) who advised that a male balck subject in his early

> twenties known as "Johnie Jay" was selling large amounts of cocaine from within his residence in Lexington, Ky.
>
> Independent investigation reference [*sic*] this yielded information that "Johnie Jay" was in fact Johnie Jay Alford who resides at 873 Lauderdale Drive in Lexington, Ky. . . .

[Affidavit in Support of and Petition of Search Warrant, Exh. 1 to Record No. 64, at 2.]

With regard to the subsequent independent investigation reported on the Affidavit and Application, he wrote:

> After the corroborating the information received from cooperating individual through investigation and surveillance, affiant began to conduct inspections of the refuse from 873 Lauderdale Drive.
>
> On June 8, 2007[,] during the afternoon hours, Sgt. Ensminger and Detective Walt Ridener observed a male black approach the front door of 873 Lauderdale Drive from a grey Ford Ranger with a roll of clear plastic bags in his hands.
>
> On June 19, 2007[,] at approximately 2015 hours Detective Rob Hart went to 873 Lauderdale to observe for suspicious activity. During this surveillance, Detective Hart observed a male black in a grey Ford Ranger (KY Tag 0704LL) at 873 Lauderdale. The driver exited the vehicle and made his way to the trash receptacle for 873 Lauderdale which was located on the right side of the residence. He then turned the trash can over and retrieved numerous clear plastic bags that were located inside of it. The driver located the plastic bags into the Ford Ranger and left the scene. Detective Hart observed the Ford Ranger transport the refuse to rear of the Lansdowne Shops behind Malone's Restaurant, where he unloaded them into a BFI trash compactor. Detective Hart then observed the subject initiate the compactor to compact the

>refuse.
>
>Detective Hart notified BFI at approximately 2200 hours and informed them of the situation. The representative for BFI told Detective Hart that she would have a collection driver meet with him at the compactor at approximately 0900 hours the next date to collect the compactor so the detectives could locate the refuse from 873 Lauderdale Drive.
>
>At approximately 0900 hours on June 20, 2007, Detective Hart met with a driver from BFI at the compactor mentioned earlier. Detective Hart monitored as the driver collected the compactor from the location [and] transported it to Bluegrass Waste Alliance at 1505 Old Frankfort Pike, Lexington, KY, where the affiant, Detective Rob Hart, and Sgt Simmons observed the garbage truck unload the entire contents of the compactor.
>
>Located within the commercial trash were several clear plastic bags matching the description of the bags observed taken from 873 Lauderdale by Detective Hart. These bags were taken out of the stack so that they could be individually inspected.

[*Id.* at 2-3.]

Located in the bags were:

>[N]umerous items of mail matter for Johnie Alford and Amira S. Young at 873 Lauderdale Drive Lexington KY 40515-6465, what appear[ed] to be a homemade metal cocaine kilo form, various cut sections of PVC pipe with duct tape affixed to the ends, a section of what appears to be automobile exhaust pipe, several hack saw blades, numerous latex gloves, owners manual for an angle grinder, owners manual for a Dremmel tool, owners manual for a 3 ton car jack and jack stands, and 2 empty ammo boxes of .223 Rem 55 Grain SP.

[*Id.* at 3.]

Detective Sharp, relying on his own training and experience in

law enforcement, attested that the items found "in conjunction with each other and viewed in totality are indicative of pressing and packaging cocaine as well as altering automobiles to conceal narcotics." [*Id.* at 3.] He concluded with his belief that "evidence of narcotics possession, use, and or trafficking" would be located upon entry of the property at 873 Lauderdale Drive. *Id.* The search warrant, signed by Judge Bouvier, was executed later the same day, June 20, 2007.

## II. Analysis

The Fourth Amendment to the United States Constitution guarantees the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. U.S. Const., amend. IV. The Fourth Amendment also provides that search warrants are to be issued only upon probable cause, which has been defined as "'reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion,' and is found to exist when there is 'a fair probability' that evidence of a crime will be located on the premises of the proposed search.'" *Id.*; *United States v. Jackson*, 470 F.3d 299, 206 (6th Cir. 2006) (internal citations omitted).

Search warrant affidavits must be judged on the totality of the circumstances, and this Court's review is limited to the four corners of the search warrant application and the affidavit. *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983); *U.S. v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005). "The probable cause standard

is a 'practical, non-technical conception' that deals with the 'factual and practical considerations of everyday life.'" *Frazier*, 423 F.3d at 531 (internal citations omitted). The probable cause requirement of the Fourth Amendment is satisfied if the facts and circumstances are such that a reasonably prudent person would be warranted into believing that an offense has been committed and that evidence thereof would be found on the premises to be searched. *United States v. Besase*, 521 F.2d 1306, 1307 (6th Cir. 1975).

The issuing judge is not required to determine whether the offense charged has, in fact, been committed, but is concerned only with the question of whether there are reasonable grounds to believe at the time of the affidavit that the law has been violated on the premises to be searched. *Id.* at 1308-09. His or her "determination of probable cause is afforded great deference and should be reversed only if arbitrarily made." *United States v. Jackson*, 470 F.3d 299, 306 (6th Cir. 2006) (internal citations omitted).

Contrary to Defendant Alford's arguments, this case does not present a matter similar to that of *Aguilar v. Texas*, 378 U.S. 108 (1964), in which there was insufficient basis for a finding of probable cause where a warrant was based solely on an officer's statement that he had received reliable information from a credible person and, thus, believed that heroin was stored in a home. Neither is it like the matter presented in *Nathanson v. United*

*States*, 290 U.S. 41 (1993), where the Supreme Court found that there was an insufficient basis for a finding of probable cause where the warrant was issued solely on affiant's conclusory sworn statement that he had cause to suspect and believed that liquor illegally brought into the United States was housed on certain premises.

Rather, where one has "an affidavit that supplies little information concerning an informant's reliability[, it] may support a finding of probable cause, under the totality of the circumstances, if it includes sufficient corroborating information." *United States v. Woosley,* 361 F.3d 924, 927 (6th Cir. 2004). Here, the law enforcement officers included sufficient corroborating evidence based on their own investigative efforts.

Rather than relying solely on the informant's tip in seeking the warrant, Detective Sharp's affidavit set forth how law enforcement officers set about corroborating the existence of Mr. Alford, their observations and methods of collecting information about activities at his residence, and recounted the information and evidence collected – namely what appeared to be a homemade kilo form and other items in the trash compactor which clearly came from Defendant Alford's residence. Defendant Alford disputes none of these facts.

It follows that the facts and circumstances are such that a reasonably prudent person would be warranted in believing that an offense related to illegal drugs had been committed in the home on

Lauderdale Drive and that evidence thereof would be found on the premises. Specifically, the presence of certain materials in the trash that had accumulated at 873 Lauderdale Drive, including what appeared to be a homemade kilo form and materials commonly used to modify vehicles for use in transporting illegal drugs, coupled with the fact that someone took care to remove the trash from the residence and compact it at another location, suggest a "fair probability" that illegal cocaine activity was occurring within the residence at 873 Lauderdale Drive. Detective Sharp's affidavit supplied probable cause for the search warrant executed at Defendant Alford's residence on June 20, 2007, and the Court will not suppress evidence seized under its auspices.

Having found that there existed probable cause to issue the warrant, the Court notes that the officers executing the warrant acted in good faith, relying on Judge Bouvier's decision to issue the search warrant. *United States v. Leon*, 468 U.S. 897, 905 (1984).

### III. Conclusion

For all of the reasons stated above, Defendant Alford's Motion to Suppress will be denied.

Accordingly, **IT IS ORDERED**:

(1) that Defendant Johnie Jay Alford's Motion to Suppress [Record No. 56] shall be, and the same hereby is, **DENIED**; and

(2) that the hearing on Defendant Alford's Motion set for 11:30 a.m. on Friday, December 21, 2007, shall be, and the same

hereby is, **CANCELLED**.

    This the 20th day of December, 2007.



**Signed By:**
*Joseph M. Hood*
**Senior U.S. District Judge**